Shearer, J.
It appears from the answer that the money seized by the constable, was by order of the magistrate, paid over to the plaintiff in attachment, on the third day of October, 1890— four days before the attachment debtor, defendant in error here, “ appealed ” said action.
There is no allegation in the pleadings as to when, if at all, the magistrate rendered judgment; but, we may presume in favor of the regularity of his proceedings, that he did so before the money was paid over by the constable as just stated.
We may also infer that the allegation of the petition, that on the seventh day of October, 1890, the plaintiff “appealed said action,” means that he on that day, entered into an- undertaking for appeal according to the statute.
If this be go? the c|uest|Qg guises whether the oonstgble w§S' *152 justified in paying over the money, there being at the time of payment no stay of proceedings by appeal or otherwise.
Section 6585 Rev. Stat. relating to proceedings before justices of the peace when a case is appealed, provides, among other things, that “all further proceedings before the justice of the peace shall cease and be stayed from the time of entering into such undertaking.” So, that until such undertaking is given, execution may issue and be levied, and if money is made by levy thereon, or by the voluntary payment of the debtor, the officer receiving the same, may lawfully pay it over to the party entitled thereto. Or -if, as in this case, money is seized in attachment, the officer holding the same, may, if so ordered by the magistrate, lawfully pay it to the plaintiff in attachment, at any time after judgment and before an undertaking for appeal is entered into, or other steps taken, under the statute, for stay of proceedings.
The defendant in error might have prevented the summary payment of the money, either by giving an undertaking for appeal forthwith upon the rendition of the judgment, or by entering into .the restitution undertaking provided for in section 6494 of the Rev. Stat. Having done neither he cannot complain, for the reasons already stated.
Had it been personal property other than money, the defendant in error might safely have proceeded with deliberation ; for, in such case, a sale would have been necessary, which could not have been had before the time for appeal elapsed.
Assuming, as we are bound to do, .that the proceedings in the action before the magistrate antecedent to the payment complained of were regular, and there being no allegation that at the time of such payment an undertaking for appeal had been given, it follows that the constable was warranted in paying over the money; and his answer states a valid defense. And for the same reason, the petition, failing to allege that such undertaking had been given when said money was paid over, is fatally defective; and as the derpuyrer. searches the *153 record, it should have been overruled as to the answer and sustained as to the petition.
J. F. McFadden, for plaintiff in error.
A. H. Johnson, for defendant in error.
Judgment reversed, demurrer overruled as to the answer, and sustained as to the petition, and cause remanded to the court of common pleas for further proceedings.